Firm I.D. No. 90181

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| S. D. WARREN COMPANY d/b/a SAPPI FINE PAPER NORTH AMERICA, and LIGNIN INSURANCE COMPANY, LTD., <br><br>Plaintiffs,<br><br>vs.<br><br>DUFF-NORTON, a division of YALE INDUSTRIAL PRODUCTS, INC.,<br><br>Defendants. | No. 1:03 CV 0421<br><br>Hon. Gordon J. Quist,<br>U.S. District Court Judge |

### DEFENDANT DUFF-NORTON'S MOTION TO STRIKE RKMC'S SUPPLEMENTAL CONFLICT WALLS NOTICE

By its letter to the Court dated September 26, 2003, Plaintiffs' counsel, Robins Kaplan Miller & Ciresi ("RKMC) submitted a "Supplemental Conflict Walls Notice To Tribunal,"[1] which relates to Defendant Duff-Norton's pending Motion to Disqualify RKMC. That Motion is predicated upon RKMC's conflict of interest, which arose when two attorneys who formerly defended Duff-Norton in the substantially-related *Milliken* case[2] joined RKMC, beginning work there on January 2, 2001. Attached to RKMC's "Supplemental Notice" is a previously undisclosed "conflict walls" screening memorandum, purportedly dated January 23, 2001, which is approximately four weeks earlier than a similar memorandum that RKMC submitted to this Court by its letter dated

---

[1] Though RKMC's letter shows Duff-Norton's counsel as "cc" recipients, D-N's counsel has not directly received any such copies. Instead, D-N's counsel learned of this "Supplemental" submission only through its local counsel, who became aware of it by way of receiving the Court's electronic docket entry.

[2] *Milliken & Company v. Duff-Norton Company, Inc., et al.*, which was litigated in the Superior Court of Troup County, GA, Case # 96-CV-964.

1

864206.2

July 17, 2003. Presumably, RKMC has submitted these memoranda in an attempt to comply with the requirements of the Michigan Rules of Professional Conduct ("MRCP"), Section 1.10(b)(2). Defendant Duff-Norton now respectfully moves this Honorable Court to strike RKMC's "Supplemental Notice" because: (1) it is out of time as provided by the MRCP and Michigan law, and, (2) the circumstances of its belated submission render it of no evidentiary value whatsoever. In the alternative, Duff-Norton moves for leave to submit its Reply Brief. In support of this Motion, Duff-Norton states as follows:

1. **RKMC's "Supplemental Notice" Fails to Comply with MRPC 1.10 (b) (2) Because It Was Not Submitted "Promptly" Under Michigan Law**

a. The fire from which this lawsuit arises occurred on November 2, 1999, and RKMC was retained to represent the Plaintiffs very shortly after that fire.

b. Soon after its retention, RKMC contacted Duff-Norton and asserted the Plaintiffs' potential claim for damages. Eventually, in November, 2002, RKMC conveyed to Duff-Norton the Plaintiffs' demand to settle that claim.

c. Duff-Norton had not yet determined its response to the Plaintiffs' demand when the Plaintiffs filed this lawsuit on June 27, 2003. However, when it filed suit, RKMC failed to submit any Rule 1.10 notice to this Court, or to any other tribunal, regarding its potential conflict of interest in this case and the screening measures it had taken in response.

d. On July 14, 2003, Duff-Norton's attorneys conveyed to RKMC their concern that a potential conflict of interest existed, based upon their discovery during the prior week that Duff-Norton's former lead defense counsel in the *Milliken* case is now employed at RKMC.

e. Up to that point in time, RKMC had failed to submit any Rule 1.10 Notice to this Court, or to any other tribunal, and had never advised Duff-Norton of its potential conflict of interest.

f. Lest these omissions be considered excusable oversight, this Court should note that RKMC has <u>admitted</u> early recognition of its potential conflict of interest in this matter. In the middle of the second paragraph of both "conflict walls" memoranda submitted to this Court, RKMC states (in reference to the *Milliken* and Sappi matters): "**<u>We have identified the above-captioned matter as raising a potential conflict</u>**." Further, near the end of that paragraph, RKMC <u>admitted</u> recognition of the governing application of Michigan screening rules, stating: "This memorandum is being sent to all personnel in accordance with **<u>the screening rules in Michigan</u>**." (Emphasis added). Therefore, RKMC was clearly aware nearly two years ago that Rule 1.10 (b) (2) requires prompt notice to the appropriate tribunal. (A copy of RKMC's "Conflict Walls Notice to Tribunal" dated July 17, 2003, including the February 19, 2001 "conflict walls" memorandum, is attached hereto as Exhibit A. A copy of RKMC's September 26th "Supplemental Conflict Walls Notice to Tribunal," including the "new" memorandum dated January 23, 2001, is attached hereto as Exhibit B.)

g. RKMC's first Notice to Tribunal (Ex. A), which attached only the "conflict walls" memorandum dated February 19, 2001, made no mention of the existence of any other such memorandum.

h. In several communications that occurred during the nearly two months between the time this issue first arose and the date on which Defendant filed its Motion to Disqualify, Duff-Norton's counsel requested, and RMKC offered to provide, such

864206.2

3

documents as might assist Duff-Norton's inquiries into the conflict issue. However, RKMC produced nothing other than its February 19, 2001 memorandum, and further, made no mention of the existence of any similar memorandum -- until RKMC submitted its Supplemental Notice to Tribunal on September 26th. (Exhibit B.)

i.  In situations where a law firm has an imputed conflict of interest, MRPC 1.10 requires an automatic disqualification unless the firm undertakes proper screening and "written notice is <u>promptly</u> given to the appropriate tribunal to enable it to ascertain compliance with the provisions of this rule." (Emphasis added.)

j.  RKMC's Supplemental Notice fails to meet any definition of "prompt," and specifically fails under the interpretation of the Rule's requirement set forth in *Cobb Publishing, Inc. v. Hearst Corporation*, 907 F.Supp. 1035 (E.D. Mich. 1995).

k.  RKMC, in its Supplemental Notice to Tribunal, fails to offers this Court <u>any</u> explanation, or any excuse, for its self-apparent failure to provide "prompt" notice to the appropriate tribunal long before September 26, 2003. As a consequence of all the foregoing, this "new" "conflict walls" memorandum should be stricken from the record, and not considered by this Court in ruling on Defendant's Motion to Disqualify RKMC.

2. **<u>The Newly-Surfaced Memorandum Has No Evidentiary Value</u>**

a.  The newly surfaced "conflict walls" screening memorandum, though self-serving, is not evidence. RKMC has offered no facts as would render this memorandum admissible in evidence under the Federal Rules of Evidence. RKMC has provided no factual authentication or other evidentiary foundation for this memorandum, and perhaps most importantly, <u>RKMC has provided no proof that this "new" memorandum was ever actually published</u> within the RKMC firm.

b.  In light of the uncontrovertable sequence of events, it is astonishing that this "new" memorandum has not surfaced before, especially in light of RKMC's own admission that it recognized a potential conflict as early as the Winter of 2001, and the entreaties of Duff-Norton's counsel to have such documents produced.

c.  Since RKMC had every opportunity to produce pertinent and properly authenticated "conflict walls" screening memoranda (or other materials) "promptly", the fact that this memorandum surfaced only after the Motion to Disqualify was filed should cause this Court to entirely reject this belated effort by RKMC to comply with the requirements of the MRPC 1.10(b)(2). *Cobb, supra.* Therefore, this "new" "conflict walls" memorandum should be stricken from the record, and not considered by this Court in ruling on Defendant's Motion to Disqualify RKMC.

3. **In the Alternative, Duff-Norton Moves for Leave to File Its Reply Brief to Respond To This New Factual Matter.**

a.  Duff-Norton's foregoing objections are essentially procedural.

b.  Duff-Norton has meritorious arguments and authorities to demonstrate that the newly-surfaced "conflict walls" memorandum should afford RKMC no material assistance on the issue of its disqualification. Most critically, the newly-surfaced memo is dated <u>three weeks after</u> the "infected" lawyers began work at RKMC, and therefore was not published "immediately" as required by the MPRC and Michigan law. (Duff-Norton does not know when these lawyers were actually hired by RKMC.)

c.  Should this Court decide to deny Duff-Norton's Motion to Strike, and thus to consider RMKC's "new" conflict walls" memorandum, Duff-Norton respectfully moves this Court for leave to file a Reply Brief in order to address the substantive issues raised

5

864206.2

by this memorandum within fourteen (14) days after RKMC files its Response to Duff-Norton's Motion to Disqualify.

WHEREFORE, Defendant Duff-Norton respectfully moves this Honorable Court to Strike RKMC's "Supplemental Notice to Tribunal," or, in the alternative, to grant Duff- Norton leave to file its Reply Brief and the supplemental affidavits of its experts.

ATTORNEYS FOR DEFENDANT DUFF- NORTON

_____ P44322
PATRICK F. GEARY
SMITH HAUGHEY RICE & ROEGGE

PATRICK F. GEARY
JOHN R. OOSTEMA
SMITH, HOUGHEY, RICE & ROEGGE, PC
200 CALDER AVE., N.W.
GRAND RAPIDS, MI 49503
DIRECT DIAL: 312.606.77834
DIRECT DIAL: (616) 458-5358
(616) 774-8000
(616) 774-2461 - FAX
PGEARY@SHRR.COM
JOOSTEMA@SHRR.COM

_____
Michael R. Grimm, Sr.
CLAUSEN MILLER. P.C.

MICHAEL R. GRIMM, SR.
RICHARD WM. STRAWBRIDGE
CLAUSEN MILLER
10 S. LASALLE STREET
CHICAGO, IL 60603
(312) 855 1010/(312) 606 7777
MGRIMM@CLAUSEN.COM
RSTRAWBRIDGE@CLAUSEN.COM